Adam R. Bialek
Thomas A. Leghorn
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001

*EMC*

**CV 09 3796**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STROUD PRODUCTIONS AND ENTERPRISES, INC.
and ANDREW B. STROUD

                    Plaintiffs,

              -against-

CASTLE ROCK ENTERTAINMENT, INC., WARNER
BROS. ENTERTAINMENT INC., and WARNER
INDEPENDENT PICTURES, INC.

                    Defendants.

**AMENDED
COMPLAINT**

**Docket # 07 CIV 8638 (HB)**

Plaintiffs, STROUD PRODUCTIONS AND ENTERPRISES, Inc. ("SPE") and

ANDREW B. STROUD ("Stroud") (collectively referred to as the "Plaintiffs"), by their

attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, upon information

and belief allege for their complaint against CASTLE ROCK ENTERTAINMENT, INC.,

WARNER BROS. ENTERTAINMENT INC., and WARNER INDEPENDENT PICTURES,

INC. (collectively referred to as "defendants") as follows:

## JURISDICTION AND VENUE

1.      This is an action in part for infringement of copyright arising under the copyright laws of the United States, Title 17 of the United States Code and for unfair competition under § 43 (a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      Jurisdiction of this Court is predicated on 28 U.S.C. § 1331, 1332, and 1338, as there are federal questions raised herein, the parties are of diverse citizenship, and the amount in question exceeds the sum of $150,000, exclusive of all interests and costs.

3.      This Court has jurisdiction based on diversity over the parties because plaintiff, SPE, is a New York corporation and plaintiff, Stroud, is a citizen of New York. Each defendant company is located in California.

4.      Venue is based on 28 U.S.C. § 1391 because plaintiffs' claims arise in the district, and upon information and belief, the defendants are doing or have done business in the district.

5.      This Court has personal jurisdiction over each defendant because each defendant is engaged in substantial business activity and/or has committed tortious acts within this district.

## PARTIES

6.      Stroud Productions and Enterprises, Inc. ("SPE") is a New York corporation, having its principal place of business at 5900 Arlington Avenue, #ST-U Bronx, NY 10471.

7.      Andrew B. Stroud is a natural person residing in the City and State of New York. At all times relevant hereto, Stroud was the sole shareholder and President of SPE.

8.      Plaintiffs were musical producers, and produced recordings of songs performed by the musical artist Nina Simone ("Simone"). Plaintiffs also owned the copyrights in many performances they produced.

- 2 -

9.     Upon information and belief, defendant, Castle Rock Entertainment, Inc. ("Castle Rock") is a corporation doing business in the State of New York and is a subsidiary of Warner Bros. Entertainment, Inc. Castle Rock maintains a principal place of business at 335 N. Maple Drive, Suite 135, Beverly Hills, California 90210.

10.     Upon information and belief, defendant, Warner Bros. Entertainment, Inc. ("Warner Bros.") is a corporation doing business in the State of New York and maintains a principal place of business at 4000 Warner Blvd., Burbank, California 91522.

11.     Upon information and belief, defendant, Warner Independent Pictures Co. ("Warner Independent") is the independent film studio and distributor division of Warner Bros. Entertainment, Inc. It conducts business in the State of New York and maintains a principal place of business at 4000 Warner Blvd., Burbank, California 91522.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiffs are the owner of the song recording including the copyright therein, embodying the performance by Simone of the composition titled "Just in Time" (the "Work").

13.     The copyright filed for by plaintiffs in connection with the Work is titled "Nina Simone Sings Billie Holiday" and was filed with the U.S. Copyright Office on or about January 22, 1973 by plaintiffs.

14.     Attached as Exhibit A is a copy of the copyright granted by the United States Copyright Office. This copyright is still in effect and plaintiffs remain the owner of all right, title and interest in the recording.

15.     Stroud was Simone's producer at the time Simone gave the subject performance of the song, "Just in Time".

WPDOCS01 1728567v.1

16.    A recording was made of this performance, and said recording was maintained by Stroud.

## FIRST CLAIM FOR RELIEF-VIOLATION OF COPYRIGHT LAW

17.    Plaintiffs repeat and reallege the allegations of Paragraphs "1" through "16" as if fully set forth herein.

18.    Plaintiffs owned the material that was filed for copyright protection.

19.    This copyright remains valid.

20.    Several years ago, plaintiffs licensed the Work for a limited period.  Said licenses have expired and all rights are held by plaintiffs.

21.    Exercising its control over the Work, plaintiffs entered into a license agreement with Wally Roker, from Canyon Records, ("Roker License") for a finite period of time.  This license agreement included the Work.  This license expired long before the defendants used the recording.

22.    Upon expiration of the Roker License, plaintiffs subsequently entered into a license with Danny Pugliese from Springboard International Records, Inc. ("Pugliese License") for a finite period of time.  The Pugliese License also included the Work.  This license expired long before the defendants used the work.

23.    At no point in time did any of the named defendants ever enter into any license agreement for the subject sound recording with plaintiffs.

24.    Nevertheless, defendants used this copyrighted production in the motion picture titled "Before Sunset" and the accompanying soundtrack.  Defendants continue to commercially

- 4 -

WPDOCS01 1728567v.1

exploit the Film theatrically and through the audio-video configurations that continue to be produced and distributed to the public by defendants.

25. Defendants were aware of the impermissible copying when using these materials.

26. Defendants were notified through letters on several occasions of their illegal actions, and were asked to immediately cease all unauthorized distribution, copying and/or public or digital performances of the film, yet defendants continued to distribute the film, video, and soundtrack.

27. Defendants have infringed the plaintiffs' copyright and have contributed to the infringement of the copyright by continuing to distribute, copy and/or sell public or digital performances of the film and the soundtrack.

28. Defendants' failure to remove the Work from the film, video and soundtrack after being notified of their infringing activity constitutes willful behavior. Such willful and deliberate infringement will continue to cause plaintiffs irreparable injury unless enjoined by the Court.

29. As a result of the violation of the copyright law, plaintiffs have sustained actual and/or statutory damages and are entitled to compensatory damages, disgorgement of profits, punitive damages and attorneys' fees. In addition, defendants should be enjoined from further violations. Defendants should also be required to destroy all infringing copies and turn over any copies of the masters to the plaintiffs.

WHEREFORE, plaintiffs, Stroud Productions and Enterprises, Inc. and Andrew B. Stroud, respectfully demand the following equitable and legal relief on its behalf and against defendants:

a. that defendants be enjoined temporarily during the pendency of this action and permanently thereafter, from infringing upon the Work, by distributing, copying and/or selling public or digital performances of the film and the soundtrack (17 U.S.C. § 502);

- 5 -

WPDOCS01 1728567v.1

b.    that defendants be required to destroy any and all infringing copies of the Work in their possession and/or control (17 U.S.C. §503);

c.    that damages be awarded against defendants for the actual damages suffered by plaintiffs as a result of the infringement, and any additional sales, purchases, and profits of defendants, derived as a result of the infringement of the Work or, at plaintiffs' election, an award of statutory damages for the infringement of plaintiffs' copyrighted work (17 U.S.C. §504);

d.    that defendants be jointly and severally liable for plaintiffs' attorneys' fees and costs (17 U.S.C. §505);

e.    that any and all such further relief as this Court deems appropriate be granted, including injunctive, equitable and/or legal relief.

## SECOND CLAIM FOR RELIEF - UNFAIR COMPETITION

30.    Plaintiffs repeat and reallege the allegations of paragraph "1" through "29" as if fully set forth herein.

31.    Plaintiffs own the song recording including the copyright therein, embodying the performance by Nina Simone of the composition titled "Just in Time" (the "Work").

32.    The performance by Simone on the sound recording was unique.

33.    Defendants have advertised, promoted, and publicized the performance of Simone in connection with the movie and soundtrack of the film "Before Sunset" as one that was authorized.

34.    Defendants had no authority to use the sound recording.

35.    Defendants have wrongfully claimed rights in the Work.

36.    By wrongfully claiming rights in the Work, defendants have diminished the value of the Work to its rightful owner.

WPDOCS01 1728567v.1

Judgment on each cause of action be entered for actual, statutory, and/or compensatory damages

in an unspecified amount, plus disgorgements of profits, plus costs, disbursements, punitive

damages, attorney fees; and for such other, further and different relief as this Court deems just

and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues triable to a jury.

Dated:     White Plains, New York
           October 29, 2007

                              Yours, etc.

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By: _____

                              Adam R. Bialek
                              Thomas A. Leghorn
                              Attorneys for Plaintiffs
                              3 Gannett Drive
                              White Plains, New York 10604
                              (914)323-7000

TO:    Castle Rock Entertainment, Inc.
       335 N. Maple Drive, Suite 135
       Beverly Hills, California 90210

       Warner Bros. Entertainment, Inc.
       4000 Warner Blvd.
       Burbank, California, 91522

       Warner Independent Pictures Co.
       4000 Warner Blvd.
       Burbank, California, 91522

- 8 -

WPDOCS01 1728567v.1

EXHIBIT

A

# Certificate

## Registration of a Claim to Copyright
### in a published sound recording



FORM N

REGISTRATION NO.

CLASS **N**

N 4087

DO NOT WRITE HERE

This Is To Certify that the statements set forth in this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.



*Register of Copyrights*
*United States of America*

**1. Copyright Claimant(s) and Address(es):**

Name __STROUD PRODUCTION & ENTERPRISES, INC.__

Address __441 West 44th Street     New York, New York__

Name _____

Address _____

**2. Title:** "NINA SIMONE SINGS BILLIE HOLLIDAY"  **LSP 1005**
(Title of sound recording as it appears on the copies; also catalog number if one appears on the copies)

**3. (a) Description of Sound Recording Deposited:** ___33-1/3  Long Playing  12' Record___
(General type of sound recording deposited)

**(b) Nature of Material Recorded:** ___Music___
(General type of material recorded)

**4. Author of This Sound Recording:**

Name __ANDREW B. STROUD__                 Citizenship __USA__
(Name of country)

Domiciled in U.S.A. Yes _X_  No _____  Address __441 West 44th Street, New York, New York__

Name _____           Citizenship _____
(Name of country)

Domiciled in U.S.A. Yes _____  No _____  Address _____

**5. (a) Date of Publication of This Sound Recording:**

**12**        **1**        **72**
(Month)   (Day)   (Year)

**(b) Place of Publication of This Sound Recording:**

__USA  ( New York, New York)__

**6. New Matter in This Sound Recording:**

**7. Fixation before February 15, 1972:**

EXAMINER

(General statement of nature of any substantial part of the sounds published for the first time in this recording fixed before February 15, 1972.)  *Complete all applicable spaces on next page*

9. Send correspondence to:

Name Copyright Service Bureau,Ltd.    Address 221 West 57th Street

10. Send certificate to:



(Type or print name and address)

| Name | COPYRIGHT SERVICE BUREAU,LTD. | |
|---|---|---|
| Address | 221 West 57th Street | |
| | (Number and street) | |
| | New York, New York | 10019 |
| | (City)        (State) | (ZIP Code) |

## Information concerning copyright in sound recordings

NOTE: Copyright registration for sound recordings on Form N is not a substitute for registration of a claim to copyright in a musical composition, literary work, dramatic work, or any other copyrightable material recorded. Copyright registration on Form N is for "works that result from the fixation of a series of musical, spoken, or other sounds." Note also that sound recordings registrable on Form N do not include a sound track when it is an integrated part of a motion picture. Concerning registration for works other than sound recordings, write to the Copyright Office, Library of Congress, Washington, D.C. 20540, which will supply appropriate application forms and general information free on request.

*When to Use Form N.* Form N is appropriate for published sound recordings.

*What Is a "Sound Recording"?* A "sound recording" is a work that results from the fixation of a series of musical, spoken, or other sounds. Common examples of reproductions of sound recordings include phonograph discs, open-reel tapes, cartridges, cassettes, player piano rolls, and similar material objects in which sounds are fixed and from which the sounds can be perceived, reproduced, or otherwise communicated either directly or with the aid of a machine or device.

*Unpublished Works.* A sound recording cannot be registered in unpublished form. Unpublished sound recordings may be protected by the common law against unauthorized use prior to publication.

*Duration of Copyright.* Statutory copyright in published sound recordings endures for 28 years from the date of first publication, and may be renewed for a second 28-year term.

*Effective Date.* The enactment providing for registration of sound recordings took effect on February 15, 1972. Under this provision, registration of claim to copyright is possible only for sound recordings fixed on or after February 15, 1972. However, the enactment specifies that the provision is not to "be construed as affecting in any way rights with respect to sound recordings fixed before that date."

*Fixation.* A series of sounds constituting a sound recording is "fixed" when that complete series is first produced on a final master recording that is later reproduced in published copies.

## How to secure statutory copyright in a sound recording

*First: Produce Copies with Copyright Notice.* Reproduce the sound recording in copies. To secure copyright, it is essential that the copies bear copyright notice in the required form and position, as explained below.

*Second: Publish the Sound Recording with Copyright Notice.* The copyright law defines the date of publication as the earliest date when copies were placed on sale, sold, or publicly distributed by the copyright owner or under his authority.

*Third: Register Your Copyright Claim.* Promptly after publication, mail to the Register of Copyrights, Library of Congress, Washington, D.C. 20540, two complete copies of the best edition of the sound recording as first published with notice, an application on Form N, properly completed and signed, and a fee of $6.

*The Copyright Notice.* The copyright notice on a sound recording should appear on the surface of the copies thereof or on the label or container, in such manner and location as to give reasonable notice of the claim of copyright. The copyright notice for sound recordings consists of the symbol ℗, the year date of first publication of the sound recording, and the name of the copyright owner of the sound recording. Example: ℗ 1972 Doe Records, Inc.

—*Alternative Form Of Notice.* As an alternative, the notice for sound recordings may consist of the symbol ℗, the year date of first publication, and an abbreviation by which the name of the copyright owner can be recognized or a generally known alternative designation of the owner. In such instances line 1 of the application for registration should be completed by giving the abbreviation or designation as it appears in the notice on the copies deposited, followed by the appropriate statement, for example, "abbreviation of the name Doe Records, Inc." or "generally known alternative designation of Doe Records, Inc.".

—*Special Provision.* If the producer of the sound recording is named on the labels or containers of the copies of the sound recording, and if no other name appears in conjunction with the notice, his name shall be considered a part of the notice.

WARNING: It is the act of publication with copyright notice that actually secures statutory copyright protection in a sound recording. If authorized copies of the sound recording are published without the required notice described above, the right to secure statutory copyright for that sound recording is lost and cannot be restored.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received<br>Two Copies Received     1 Copy rec'd<br>JAN 22 1973    JAN 1973<br>Fee received<br>110538 DEC-4'72 | *In notice on label: Stroud Records. In notice on record jacket: Stroud Productions & Enterprises, Inc. Stroud Records is a division of Stroud Productions & Enterprises, Inc. authority phone call of January 31, 1973. |

## AFFIDAVIT OF SERVICE

**STATE OF NEW YORK**         )
                              ) ss.:
**COUNTY OF WESTCHESTER**     )

    **DEBRA A. MCCANN,** being duly sworn, deposes and says:  Deponent is not a party to

the action, is over 18 years of age and is employed in the County of Westchester.

    On October 30, 2007, deponent served by electronic mail, the within **AMENDED**

**SUMMONS AND COMPLAINT** upon the following attorney(s) in this action:

TO:
Michelle Inouye Schultz
Senior Litigation Counsel
Warner Bros. Entertainment Inc.
4000 Warner Blvd.
Bldg 156S, Rm 5172
Burbank, CA 91522
Email: michelle.schultz@warnerbros.com.

DEBRA A. MCCANN

Sworn to before me this
30th day of October 2007

Notary Public, State of New York

MELODY LaROCCA
Notary Public, State of New York
No. 01LA5029334
Qualified in Westchester County
My Commission Expires June 20, 20_10_

1209994.1