**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN AMES BROWN, et al.,

    Plaintiffs,

  v.

ANDREW B. STROUD, et al.,

    Defendants

_____/

ANDREW B. STROUD, et al.,

    Plaintiffs,

  v.

CASTLE ROCK ENTERTAINMENT, et al.,

    Defendants

_____/

LISA SIMONE KELLY,

    Plaintiff,

  v.

WALLY ROKER, et al.,

    Defendants

_____/

No. C 08-02348 JSW

No. C 09-03796 JSW

No. C 11-05822 JSW

**ORDER REGARDING MOTIONS FOR DEFAULT JUDGMENT AND THE REPORT AND RECOMMENDATIONS**

The Court has reviewed the Report and Recommendations by Magistrate Judge Nathanael M. Cousins filed in the above three captioned actions regarding Plaintiffs' motions for default judgment, as well as the objections filed by Lisa Simone Kelly, as the administrator of the Estate of Nina Simone ("Simone Estate") in Case No. 11-5822. For the reasons set forth in the remainder of this Order, the Court adopts in part and rejects in part Magistrate Judge Cousins' Reports.

Plaintiffs filed motions for default judgment filed against Scarlett P. Stroud ("Ms. Stroud") as the representative for the Estate of Andrew B. Stroud Estate ("Stroud Estate"), Andy Stroud, Inc. and Stroud Productions and Enterprises, Inc. ("SPE") in the above captioned matters. (Docket Nos 522, 529, and 530 in Case No. 08-2348; Docket No. 104 in Case No. 09-3796; and Docket No. 133 in Case No. 11-5822). As a preliminary matter, Magistrate Judge Cousins found that the Court had jurisdiction in all three cases. However, with respect to his findings in Case No. 11-5822, the Court respectfully disagrees. Magistrate Judge Cousins thoroughly explained why the Court does not have subject matter jurisdiction through a federal question or supplemental jurisdiction pursuant to 42 U.S.C. § 1367. The Court finds that finding to be well reasoned and adopts it. Magistrate Judge Cousins further found that diversity jurisdiction was lacking based on the failure of the Simone Estate to demonstrate that Nina Simone was a citizen of California when she died. The Simone Estate filed an objection to that finding, arguing that its evidence was sufficient to make the requisite showing. However, even if the Simone Estate could demonstrate that Ms. Simone was a citizen of California when she died, diversity jurisdiction would be lacking due to the presence of Wally Roker, who is also a citizen of California.

The Simone Estate argues that the Court may dismiss Mr. Roker from this lawsuit as dispensable and, thus, preserve complete diversity. A court may dismiss a nonindispensable party pursuant to Federal Rule of Civil Procedure 21 in order to perfect subject matter jurisdiction. *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981). The Court must first determine whether Mr. Roker is a "required" party under Federal Rule of Civil Procedure 19. *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)

2

("*Peabody Western*"); *see also* Fed. R. Civ. P. 19(a). A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *see also Peabody Western*, 400 F.3d at 779.

The Simone Estate simply argues, with no supporting authority, that Mr. Roker will not be prejudiced because he is in default. The Court finds otherwise. All of the Simone Estate's claims require the Court to determine whether the agreement between Andrew B. Stroud ("Mr. Stroud") and Mr. Roker was fraudulent and, thus, is void. If the Court were to enter default judgment solely against Mr. Stroud, Mr. Roker's rights under the agreement would still be voided. Moreover, if Mr. Roker was dismissed from this lawsuit, he would lose the ability to challenge the default judgment against Mr. Stroud and the order declaring the agreement void. Alternatively, if Mr. Roker retained the right to file a separate lawsuit to address his rights under the agreement, then the Simone Estate's claims could be subject to inconsistent judgments. Therefore, to the extent Ms. Simone was a citizen of California when she died, diversity jurisdiction is still lacking due to the presence of Mr. Roker.

Magistrate Judge Cousins relied on the theory of ancillary jurisdiction to find that the Court has subject matter jurisdiction in Case No. 11-5822. "Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367." *Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996). However, "[s]upplemental jurisdiction under § 1367 is distinct from the equitable doctrine of ancillary jurisdiction, which allows a court to adjudicate related claims 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" U.S. v. Alpine Land & Reservoir Co. 174 F.3d 1007, 1012 n.5 (9th Cir. 1999) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)). The Supreme Court has "reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Peacock*, 516 U.S. at

3

356. The "recognition of these supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Id*. at 357.

In Case No. 11-5822, the Simone Estate alleges that Mr. Stroud fraudulently transferred Nina Simone recordings and other materials to Mr. Roker. (Complaint in Case No. 11-5822 ("Kelly Complaint"), ¶¶ 11, 14, 16.) While the Simone Estate alleges that her complaint addresses the fraudulent transfer of the same Nina Simone materials and recordings at issue in the related actions before this Court, the Nina Simone materials at issue in Case No. 11-5822 also "encompass a much broader universe than the claims of Sony and Brown." (*Id*., 11-12.) The Simone Estate further alleges that Mr. Stroud effected the fraudulent transfer of the Nina Simone materials and recordings "in order to frustrate Plaintiff, a future judgment creditor." (*Id*., ¶ 18; *see also id*. at ¶ 20 (the "sale" of the Nina Simone materials and recordings "was done with the specific intent to once again defraud the Estate – a probable judgment creditor – and to further deplete any and all assets which the Estate would be able to attach thus rendering himself judgment-proof.") In the Kelly Complaint, the Simone Estate brings claims for declaratory relief to declare the transfer agreement void, fraudulent transfer, misappropriation and conversion, and accounting.

In Case No. 08-2348, Mr. Stroud was ordered to produce Nina Simone recordings for discovery. Mr. Stroud failed to produce all of the recordings. One of the justifications counsel for Mr. Stroud provided was that Mr. Stroud could not produce any additional recordings because they were no longer in his possession after the transfer. (Case No. 08-2348, Docket No. 445.) The Court found that the failure to produce the additional recordings was a violation of her discovery order and sanctioned Mr. Stroud. (*Id*.) Magistrate Judge Cousins found that the action by the Simone Estate "thus arises from, and is substantially intertwined with, the related actions pending in this Court" and that "the exercise of jurisdiction over this case is necessary to enable to the Court to manage its proceedings, vindicate its authority, and effectuate its decrees."

Despite the understandable desire to retain jurisdiction over this related action, the Court finds that Magistrate Judge Cousins' recommendation stretches the reach of ancillary

4

jurisdiction too far. The Simone Estate in Case No. 11-5822 does not actually seek to enforce the discovery order. Instead, she is concerned with her ability to proceed as a future judgment creditor. (Kelly Compl., ¶¶ 18, 20, 51.) Moreover, even if the Simone Estate was seeking to enforce the Court's discovery order, it is not clear that ancillary jurisdiction extends that far. As the Supreme Court made clear, the use of ancillary jurisdiction in subsequent proceedings has been reserved to enforce judgments and has not been "extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Peacock*, 516 U.S. at 356, 357. Accordingly, the Court rejects the recommendation to find ancillary jurisdiction. Because the Court finds that it does not have subject matter jurisdiction over Case No. 11-5822, this case is HEREBY DISMISSED. This Order is without prejudice to the Simone Estate refiling the claims by the Estate of Nina Simone in state court, or, if after judgment is entered in the related cases, the Simone Estate can allege in good faith that the claims are necessary to enforce the judgment.

With respect to the Report and Recommendation in Case No. 08-2348, Magistrate Judge Cousins notes that the Simone Estate and Steven Ames Brown ("Brown") move for default judgment against Andy Stroud, Inc. ("ASI") despite the fact that neither of them brought any claims against ASI. Moreover, in both Case No. 08-2348 and Case No. 09-3796, the Simone Estate and Brown move for default judgment against Scarlett Stroud as an individual, despite the fact that she is only a defendant as the representative of the Stroud Estate. The Court adopts the recommendation that the judgment in Case No. 08-2348 does not include ASI and the judgment in Case No. 08-2348 and Case No. 09-3796 does not include Scarlett Stroud in her individual capacity.

Magistrate Judge Cousins further notes that the declaratory relief claims between the Simone Estate, Brown and Sony Music Entertainment, erroneously sued as Sony Music Holdings ("Sony") remain outstanding and that the requested judgments are limited to declarations that the Stroud parties do not own the Nina Simone materials. The Court adopts the recommendation that the Order granting default judgment does not address the ownership rights of the recordings as between Sony, Brown and the Simone Estate. The Court further

5

adopts the recommendation that the Court find, as part of the default judgment, that Mr. Stroud, the Stroud Estate and SPE (collectively, the "Stroud Parties") do not have any ownership or other rights to any of the Nina Simone materials at issue in Case No. 08-2348 or in Case No. 09-3796.

Brown and the Simone Estate request in 08-2348 and Castle Rock Entertainment, Inc., Warner Bros. Entertainment Inc, and Warner Independent Pictures, Inc. (the "Warner Parties") request in 09-3796, and Magistrate Judge Cousins recommends, dismissing the all affirmative claims brought by the Stroud Parties. However, the Court already dismissed all affirmative claims brought by any of the Stroud Parties. Therefore, there are no remaining claims to dismiss. To the extent that Brown, the Simone Estate, and the Warner Parties are merely seeking to have judgment entered against the Stroud Parties on their affirmative claims. Such request is warranted and is granted. The judgment against the Stroud Parties in 09-3796 terminates all claims in that case. Therefore the Court will issue a final judgment in 09-3796.

On July 6, 2012, the Court ordered Mr. Stroud personally to pay $4,706.25 in sanctions to Brown, to pay $17,994.62 to Sony, and to pay $1,035 to the Simone Estate. Mr. Stroud, and now the Stroud Estate, has failed to pay these sanctions despite repeated orders to do so. Therefore, the Court orders the Stroud Estate to pay these sanctions forthwith. Moreover, the Stroud Estate is admonished that the failure to pay the full amount of these sanctions by July 24, 2014 will lead to an order of contempt.

As part of the default judgment entered against the Stroud Parties, the Court further orders that the Stroud Parties shall produce to the Simone Estate, as the sole owner, any Simone Materials that are in their possession or under their control that are covered by the Simone Estates's claims, except for the recorded performances and audiovisual works covered by the claims brought by Brown. Within ten days of this Order the Stroud Parties shall produce these Simone Materials to Dorothy Weber at Shukat, Arrow, Hafer, Weber & Herbsman LLP at 111 West 57th Street, Suite 1120, New York, NY 10019. With respect to the recorded performances and audiovisual works that are sought by the claims brought by Brown, the Court notes that Brown, the Simone Estate and Sony all assert some ownership interests in these

6

materials. They suggest, and Magistrate Judge Cousins recommends, that the Stroud Parties produce these materials within ten days of this Order to Sony at 550 Madison Avenue, New York, NY 10022 to be held in escrow pending the determination of ownership rights of the remaining parties. The Court adopts this recommendation. However, the Court notes that the only remaining claims as between Brown, Sony and the Simone Estate are claims by Brown against Sony. It is not clear that these claims will fully resolve the ownership claims of the respective remaining parties. Therefore, the Court will not let these materials stay in escrow indefinitely. The Court directs Brown, Sony and the Simone Estate to meet and confer regarding their plan to determine their respective ownership rights by no later than July 25, 2014. If the parties request the assistance of a settlement conference before a magistrate judge, the Court is amenable to referring them to one. The Court HEREBY SETS a further case management conference in 08-2348 on August 8, 2014 at 11:00 a.m. Brown, Sony and the Simone Estate shall file a joint further case management statement by no later than August 1, 2014 in which they address how the remaining ownership issues between them should be resolved.[1]

**IT IS SO ORDERED.**

Dated: July 11, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Brown, Sony and the Simone Estate also request that the Court order the Stroud Parties to make available for digital copying and non-destructive preservation all Nina Simone recordings and audiovisual works in their possession. However, because the Stroud Parties are being ordered to produce all Nina Simone recordings and audiovisual works in their possession, there should be no Nina Simone recordings and audiovisual works which remain in their possession within ten days of the date of this Order. To the extent Brown, Sony and the Simone Estate have grounds to believe there is still a need for an order to require access to Nina Simone recordings and audiovisual works in the possession of the Stroud Parties, they need to make a further showing.