**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STROUD PRODUCTIONS AND
ENTERPRISES, INC. and ANDREW
STROUD,

        Plaintiffs - Appellants,

  v.

CASTLE ROCK ENTERTAINMENT
INC.; et al.,

        Defendants - Appellees.

No. 14-16421

D. C. No. 4:09-cv-03796-JSW

MEMORANDUM*

STEVEN AMES BROWN; ESTATE OF
NINA SIMONE,

        Plaintiffs-counter-
defendants - Appellees,

  v.

STROUD PRODUCTIONS AND
ENTERPRISES, INC.; SCARLETT
STROUD,

No. 14-16422

D C. No. 4:08-cv-02348-JSW

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        Defendants-counter-
claimants - Appellants,

 v.

SONY MUSIC HOLDINGS, INC.,

        Counter-defendant -
Appellee.

Appeals from theUnited States District Court for the
Northern District of California
Jeffrey S. White, District Judge, presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: KLEINFELD, TASHIMA and M. SMITH, Circuit Judges.

Appellants Scarlett P. Stroud, in her capacity as Executrix for the Estate of

Andrew B. Stroud, and Stroud Productions and Enterprises, Inc. appeal orders

entered against them in two related cases, *Brown v. Stroud*, 4:08-cv-02348-JSW,

and *Stroud Prods. v. Castle Rock Entm't, Inc.*, 4:09-cv-03796-JSW.[1]  Specifically,

they contend that the district court (1) prematurely ordered Scarlett P. Stroud (SPS)

substituted as a party, (2) lacked subject matter jurisdiction, (3) lacked personal

---

[**]      The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).
[1]      While Andy Stroud, Inc. (ASI) is noticed as an appellant, ASI was not
a party to any of the claims or counterclaims in the district court, and is therefore
not a party to this appeal.

jurisdiction over SPS, and (4) abused its discretion by denying several of Appellants' motions.

We have jurisdiction over these appeals under 28 U.S.C. § 1291, including in *Brown v. Stroud* under the subsequent events doctrine. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir. 1980) ("subsequent events can validate a prematurely filed appeal").

Regarding the district court's jurisdiction in *Brown*, that court had diversity jurisdiction over the primary action pursuant to 28 U.S.C. § 1332, because complete diversity existed between the parties to the operative complaint.  The district court also had jurisdiction pursuant to 28 U.S.C. § 1331 over the counterclaims filed by the Estate of Nina Simone that arose under the Copyright Act, 17 U.S.C. §§ 106, 201, 501; and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining counterclaims arising from the same set of facts.

The district court similarly had personal jurisdiction over SPS.  The only objection Appellants raise to personal jurisdiction is Appellees' purported failure to properly serve SPS with the motion to substitute her as a party.  Federal Rule of Civil Procedure 4(e)(1) allows service under state law of the state in which service occurs; New York State Civil Practice Law and Rule § 308.4 in turn permits service by affixing the document to be served to the recipient's door and mailing the document via first class mail.  This method of service is only available,

3

however, if personal service cannot be made with the exercise of due diligence. N.Y. C.P.L.R. §§ 308.1, 308.2, 308.4.

Here, Appellees exercised due diligence by attempting service at different times on four different days, including a Saturday, and inquiring with SPS's doorman and superintendent about her whereabouts. *See, e.g., Deutsche Bank Nat'l Trust Co. v. White*, 972 N.Y.S.2d 664, 666 (App. Div. 2013). Failure to leave the motion with either SPS's doorman or her superintendent does not preclude service via § 308.4, as neither individual blocked the process server's access to SPS's door, and consequently neither was at SPS's "actual dwelling for purposes of service." *Colonial Nat'l Bank, U.S.A. v. Jacobs*, 727 N.Y.S.2d 237, 239 (Civ. Ct. 2000) (noting that a doorman at the entrance of a multi-dwelling building will not be considered to be at an individual's "actual dwelling" under these circumstances). SPS was thus properly served under § 308.4.

Appellants' appeal further fails on the merits. The only argument SPS raises regarding the substitution order is that her substitution was premature, as she had not yet been appointed as the Estate's representative. However, the district court did not enter any sanctions against the Estate until well after the date upon which all parties agree SPS had become the proper party for substitution, and the district court granted SPS's motion for reconsideration of the substitution order to the extent that it had substituted her prior to her appointment as the Estate's legal

4

representative.  Moreover, SPS has identified no reason why the timing of the substitution prejudiced the Estate.  Accordingly, we conclude that any error in the substitution order was harmless.

Finally, the district court's denial of Appellants' Motion for Enlargement of Time was not an abuse of discretion.  The district court expressly found that Appellants and their counsel had acted in bad faith, noting "their repeated gamesmanship and misconduct, their blatant disregard of the Court's orders, the Court's need to manage its docket, and the need to prevent prejudice to the other parties."  The finding of bad faith was not clearly erroneous; denying Appellants' motion was therefore not an abuse of discretion.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Appellants have identified no additional ground for finding that the district court's denials of Appellants' motions constituted abuses of discretion.

AFFIRMED.